UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| THOMAS L. ANDERSON,<br><br>           Plaintiff,<br><br>  v.<br><br>STRAUSS NEIBAUER & ANDERSON APC PROFIT SHARING PLAN, *et al.*,<br><br>           Defendants. | 1:09-CV-01446-OWW-DLB<br><br>MEMORANDUM DECISION AND ORDER RE: DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PROCEEDING (Doc. 35.) |

I. <u>INTRODUCTION</u>.

Defendants move to dismiss the complaint of Plaintiff Thomas L. Anderson pursuant to Fed. R. Civ. P. 41 and *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), or in the alternative to stay the instant action in deference to an action currently pending in the Stanislaus Superior Court, *Neibauer v. Anderson*, No. 624516.

Plaintiff has filed an opposition, to which Defendant has replied.

## II.  BACKGROUND.

Defendants in this action filed a complaint on March 6, 2008 in the Superior Court of the State of California for the County of Stanislaus.[1] The complaint advanced causes of action for, among others, declaratory relief, breach of fiduciary duty, conspiracy, and conversion. The complaint also requested that the court appoint a receiver to oversee certain aspects of the Neibauer and Anderson law firm and for "Rescission of Payment of Bonuses to Anderson and Contributions to Profit Sharing Plain of Plaintiff Law Firm." The substance of the state court complaint was that Plaintiff in the federal action, Thomas Anderson, committed fraud and mishandled law firm matters while Mr. Neibauer was recovering from a brain tumor. The state lawsuit was originally scheduled for trial on October 26, 2010 in Stanislaus County, however, the trial was recently continued to March 15, 2010.

On August 17, 2009, Plaintiff filed this ERISA-based lawsuit against his former law firm and law partner, Strauss Neibauer & Anderson APC and Douglas Neibauer.[2] Plaintiff alleged five causes of action: (1) declaratory relief pursuant to 28 U.S.C. § 2201 and ERISA § 502(a)(3) and 29 U.S.C. § 1132(a)(3);  (2)  claim for benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B);  (3) breach of fiduciary duty; (4) injunctive relief and non-disclosure penalties; and (5) equitable and injunctive relief pursuant to ERISA § 502(a)(3) and 29 U.S.C. § 1132(a)(3).  The crux of Plaintiff's

---

[1] It is undisputed that Thomas L. Anderson is the named Defendant in the state court action.

[2] Also named as a Defendant in the federal action is the APC Profit Sharing Plan. APC has not filed an opposition in this case.

**2**

allegations is that Defendant Douglas Neibauer, the pension plan administrator, unlawfully withheld over $700,000.00 in benefits owed to him under his former law firm's pension benefit plan.[3]

On August 6, 2010, Plaintiff moved to summarily adjudicate the entire complaint on grounds that Defendants refuse to distribute or allocate his pension account balance, in violation of ERISA. Plaintiff's motion is based on the following "undisputed" facts: the plan is an "employee benefit pension plan" under ERISA; Douglas Neibauer was the plan administrator; the plan was terminated on May 30, 2007; Plaintiff was a shareholder in the firm and separated from the firm on June 15, 2007; Plaintiff "made a claim" for benefits pursuant to the terms of the Plan; on September 1, 2007, Defendant Neibauer denied his claim because of the unresolved issues between Plaintiff and his former law firm, including claims of fraud and professional negligence. Plaintiff thereafter made a number of attempts to obtain his pension funds, to no avail.

Defendants opposed the motion on September 3, 2010. (Doc. 29.) Defendants first argue that it is unclear what claims Plaintiff seeks to summarily adjudicate, i.e., which of the five claims in the federal complaint. Defendants further argue that the summary judgment motion should be stayed because the state case and this action have overlapping issues, including factual disputes and the effect and application of ERISA in the context of Mr. Anderson's (mis)conduct. Defendants also move to dismiss the case based on the principle of abstention.

---

[3] The federal court trial is set for January 11, 2011. (Doc. 11.)

**3**

On September 8, 2010, Defendants filed this motion to dismiss or, in the alternative, stay the case. (Doc. 35.) In its motion, Defendants repeat the arguments raised in its opposition, namely that the state matter and this case have overlapping issues of fact and law.

Plaintiff opposed the motion to stay on October 4, 2010. (Doc. 73.) In his opposition, Plaintiff incorporates the arguments contained in his "Reply Brief to Plaintiff's Motion for Summary Judgment," also filed on October 4, 2010. (Doc. 74.) There, Plaintiff argues that the state court action "has no relation to this federal ERISA action" and Defendants' contentions in this regard are "flatly wrong as a matter of law." According to Plaintiff, "nothing in [ERISA] allows an ERISA plan, or an ERISA plan fiduciary, or an ERISA plan sponsor, to bring an action in state court for any reason whatsoever."

On October 14, 2010, Plaintiff filed a declaration stating:

1. He did not file an ERISA-based counterclaim against Strauss Neibauer & Anderson APC, Douglas Neibauer or any other party.

2. The Superior Court action is unlikely to commence in late October. According to Plaintiff, in a Settlement Conference held on October 12, 2010, the Superior Court Judge handling the case stated that "it was unlikely the case would go out on that date."

(Doc. 77 at ¶'s 2-3.)

### III. **LEGAL STANDARD**.

A district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on

**4**

its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3rd Cir. 1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand). This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. When considering a motion to stay, the court weighs a series of competing interests: (1) the possible damage which may result from the granting of the stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). Additionally, case management standing alone "is not necessarily a sufficient ground to stay proceedings," *Dependable Hwy. Express, Inc. v. Navigators, Inc. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007), and indefinite stays are disfavored, *Dependable*, 498 F.3d at 1066; Yong v. INS, 208 F.3d 1116, 1119 (9th Cir. 2000).

When there is an independent proceeding related to a matter before the trial court, the Ninth Circuit has held that a trial court may "find it efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which may bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708

5

F.2d 1458 (9th Cir. 1983). For a stay to be appropriate it is not required that the issues of such proceedings are necessarily controlling of the action before the court. *Id*. However, a stay may be improper where the independent proceeding is "unlikely to decide, or contribute to the decision of, the factual and legal issues" in the action for which the stay is requested. *Lockyer v. State. of Cal.*, 398 F.3d 1098, 1113 (9th Cir. 2005). In deciding whether to abstain, the Ninth Circuit instructs courts to consider "whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether use of a declaratory action will result in entanglement between the federal and state court systems." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225, fn. 5 (9th Cir. 1998).

## IV.  DISCUSSION.

ERISA, a "'comprehensive and reticulated statute' which Congress adopted after careful study of private retirement pension plans," governs the actions of employee benefit plans and prescribes remedies for violations of plan provisions. *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 510 (1981) (quoting *Nachman Corp. v. Pension Benefit Guar. Corp.*, 446 U.S. 359, 361 (1980)). To create a uniform framework for regulating benefit plans, the statute includes a preemption clause, stating that it "shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144.

This broad provision evinces congressional intent to permit federal courts to develop common law - to "fill in interstitially or otherwise effectuate the statutory pattern enacted in the large by Congress." *Van Orman v. Am. Ins. Co.*, 680 F.2d 301, 312 (3d Cir. 1982) (quoting *United States v. Little Lake Misere Land Co.*, 412 U.S. 580, 593 (1973)).

In this case, Mr. Anderson asserts that the plan administrator, Defendant Douglas Neibauer, ignored his ERISA and fiduciary duties and refused to release Anderson's pension funds. The federal complaint seeks declaratory relief pursuant to ERISA, 29 U.S.C. § 1132(a)(3),[4] a return of benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B),[5] and a breach of fiduciary duty under ERISA, 29 U.S.C. § 1132(a)(2)-(a)(3).[6] Defendants dispute those contentions, arguing that the funds were withheld under ERISA's "mistake of fact" provision, 29 U.S.C. § 1103(c)(2)(A)(I). According to Defendants, Mr. Anderson's misconduct is at the heart of both the state court action and the federal ERISA lawsuit;

---

[4] Section 1132(a)(3) allows a participant or beneficiary to bring suit "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." This section allows an individual plan participant to seek equitable remedies in his individual capacity for a breach of fiduciary duty not specifically covered by the other enforcement provisions of section 1132. *See Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996) (explaining the interrelationship of section 1132's enforcement provisions).

[5] Section 1132(a)(1)(B) allows a participant or beneficiary to bring suit "to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

[6]

7

Anderson's misconduct allegedly justifies the alleged withholding of pension funds.

In *Plucinski v. I.A.M. National Pension Fund*, 875 F.2d 1052 (3d Cir. 1989), the Third Circuit recognized a federal common law cause of action for employers to seek restitution of mistakenly paid contributions to an employee benefit fund. *Id.* at 1057-58. Although ERISA itself does not provide expressly for such a claim, the statute does allow funds to return any contributions "made by an employer [...] by a mistake of fact or law." 29 U.S.C. § 1103(c)(2)(A)(ii). From this permissive language, the Third Circuit inferred authority to develop a right of action for employers to recover these contributions. *Plucinski*, 875 F.2d at 1054-55, 1058. ERISA's "mistake of fact" provision provides, in relevant part:

> (c) Assets of plan not to inure to benefit of employer; allowable purposes of holding plan assets [...]
>
> (1) Except as provided in paragraph (2), (3), or (4) or subsection (d) of this section, or under sections 1342 and 1344 of this title (relating to termination of insured plans), or under section 420 of Title 26 (as in effect on August 17, 2006), the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan.
>
> (2)(A) In the case of a contribution, or a payment of withdrawal liability under part 1 of subtitle E of subchapter III of this chapter --
>
> (i) *if such contribution or payment is made by an employer to a plan [] by a mistake of fact, paragraph (1) shall not prohibit the return of such contribution to the employer within one year after the payment of the contribution [...]*

29 U.S.C. § 1103(c)-(c)(2)(A)(I) (emphasis added).

Although it has not specifically adopted the Third Circuit's

8

reasoning in *Plucinski*, the Ninth Circuit recognizes "an implied right to recover mistaken payments to a trust fund pursuant to § 403(c)(2)(A) of ERISA [29 U.S.C. § 1103(c)(2)(A)]." *See, e.g., Alaska Trowel Trades Pension Fund v. Lopshire*, 103 F.3d 881, 885 (9th Cir. 1996).

Plaintiff criticizes Defendants' "mistake of fact" arguments on two grounds: (1) nothing in the ERISA statute authorizes a plan fiduciary or sponsor to being an action in *state* court; and (2) the state court complaint does not identify an ERISA cause of action. Plaintiff explains:

> Nothing in that subsection allows an ERISA plan, or an ERISA plan fiduciary, or an ERISA plan sponsor, to bring an action in state court for any reason whatsoever. Hence, to the extent that the Neibauer defendants assert that they are seeking relief under ERISA in the state court action to which they refer, that court has no subject jurisdiction over any such claim. The Neibauer defendants do seem to assert that Anderson has brought a benefit claim in state court against the Plan, but even a casual review of the cross-complaint brought by Anderson in that state court action, submitted as Exhibit 3 to Mr. Neibauer's declaration in support of defendants' Opposition, demonstrates that Plaintiff Anderson brought no such claim in the state court action.

(Doc. 74 at 3:18-3:26.)

Plaintiff is half-right. Citing no law, Plaintiff first argues that a "mistake of fact" claim can only be asserted in federal court, if at all. However, it is beyond dispute that state courts have concurrent jurisdiction over some ERISA claims, including claims advanced under § 1132(a)(1)(B). *See, e.g., Malone v. Malone,* No. 06-1629-AS, 2007 WL 789449 (D. Or. Mar. 13, 2007). Plaintiff makes no particularized showing that a "mistake of fact" claim is limited to a federal forum. *See id*. ("Federal courts have

9

**exclusive jurisdiction over ERISA claims brought under § 1132(a), with the exception of claims under §§ 1132(a)(1)(B) and (a)(7).").**

**Here, although Defendants' "mistake of fact" claim *might* be preempted by ERISA, Defendants did not advance such a claim in their state court complaint. In particular, the alleged "mistake of fact" claim consists of six paragraphs and is headed "Rescission of Payment of Bonuses to Anderson and Contributions to Profit Sharing Plain of Plaintiff Law Firm." Notably absent from this text is a citation to the governing statute, 29 U.S.C. § 1103(c)(2)(A)(I), or *any* indication that the claim is advanced pursuant to ERISA. It is impossible to dismiss or stay the federal proceedings given the operative state court complaint, i.e., absent any expression that an ERISA-related claim was raised in state court.[7] Moreover, in their motion, Defendants acknowledge that**

---

[7] Defendants assert that the federal complaint should be dismissed based on the doctrine of abstention. A review of the record reveals that Defendants argue for "permissive abstention" based on the principle that "the second court must yield its jurisdiction if the first court has 'in rem' or 'quasi in rem' jurisdiction over the subject matter." (Doc. 35-2 at 3:23-3:25.) Defendants's arguments are without merit. First, there is no indication that the state court has "in rem" jurisdiction over the res in this case, the pension funds allegedly withheld from Mr. Anderson. Rather, the state court action is against Mr. Anderson *individually*. Second, this case is factually distinguishable from Defendants' cited authority, *Dailey v. National Hockey League*, 987 F.2d 172 (3rd Cir. 1993). In *Dailey,* a class of former National Hockey League ("NHL") players filed an ERISA action, 29 U.S.C. § 1103(c), against the NHL Pension Plan and the league for breach of fiduciary duties in administering the plan. The Third Circuit dismissed the action because the subject matter res of the pension plan was already under the jurisdiction of the Canadian court system. *Id*. at 174. In dismissing the American action the Third Circuit stated:

The applicants in the Canadian suit seek both restoration

10

**Plaintiff did not raise an ERISA-based cross-claim or affirmative defense in state court. (See Doc. 35-2 at 3:13-3:15 ("Plaintiff herein, Thomas L. Anderson, then filed an Answer and Cross-Complaint to the State Court action, and did not assert any preemptive defense relative to ERISA."))**.

The Colorado River doctrine provides another ground upon which to deny the motion.[8]  "Under Colorado River, considerations of

---

of corpus and injunctive relief prohibiting the continued improper use of surplus funds and requiring proper allocation of the diverted funds by the pension fund. They also seek an accounting and removal of the trustee. Similar relief is sought by the plaintiffs in this case. Thus, the relief sought in the district court at the time the action was filed would require the district court to exercise jurisdiction over the same property that is subject to the control of the Canadian court as well as requiring it to determine the future status of the incumbent Canadian trustee. To us, this is assuredly the type of legal disharmony the Princess Lida Court sought to avoid.

987 F.2d at 177.

No such relief is sought in this case. The state court complaint does not contain an ERISA-based claim, foreclosing any "in rem" or "quasi in rem" jurisdiction. Defendants' hindsight argument that the "pension res" is the subject of the state court dispute is belied by their complaint, which is devoid of an ERISA-based claim.

[8] Defendants argue that *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) controls the facts of this case. *Colorado River* provides a two-part test for determining whether a federal district court should abstain from adjudicating a claim when there is a related state court proceeding. First, the two suits must be parallel; they must involve substantially the same parties litigating substantially the same issues. *See Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700 (7th Cir. 1992). The second part of the Colorado River test is a balancing of factors. Only "exceptional circumstances" will justify abstention. *Sverdrup Corp. v. Edwardsville Community*

'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,' may justify a decision by the district court to stay federal proceedings pending the resolution of concurrent state court proceedings involving the same matter." *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002) (quoting Colorado River, 424 U.S. at 817, 96 S.Ct. 1236). This doctrine "is a narrow exception to the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Smith v. Central Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1033 (9th Cir.2005) (internal quotation marks omitted).

As a threshold matter, to invoke Colorado River, the federal and state court actions must be "substantially similar." *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989); *see also Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 277 (1988). In the Ninth Circuit, exact parallelism between the state and federal lawsuit is not required to invoke Colorado River; however, substantial doubt as to whether the state action will resolve the issues in the federal action precludes a Colorado River stay. *Smith*, 418 F.3d at 1033 (quoting *Moses H. Cone Mem'l Hosp. v.*

---

*Unit Sch. Dist. No. 7*, 125 F.3d 546, 549 (7th Cir. 1997). The relevant factors include whether both proceedings involve the same res, the relative inconvenience of the federal forum, the need to avoid piecemeal litigation, the order in which the proceedings were filed, whether state or federal law provides the rule of decision, whether the state action protects the federal plaintiffs' rights, the relative progress of the two proceedings, the presence or absence of concurrent jurisdiction, the availability of removal and the vexatious or contrived nature of the federal claim. *See id.* at 549-50. This argument is rejected on grounds that there is "substantial doubt" regarding whether the state action will resolve the ERISA issues involved in the federal case.

**12**

*Mercury Constr. Corp.*, 460 U.S. 1, 28, (1983)) (emphasis removed); *see also Holder*, 305 F.3d at 868 ("Because there is substantial doubt that a final determination in the custody proceeding will resolve all of the issues in Jeremiah's federal Hague Convention petition [the federal action], we conclude that the district court abused its discretion in staying proceedings.").

Here, there is, at a minimum, "substantial doubt" regarding whether the state action will resolve the issues involved in the federal case. The ERISA claims, which cover the ERISA-plan administrators alleged refusal to remit covered retirement funds, is unique to the federal case. The various substantive issues these claims present will not be completely resolved in the state action.[9] Specifically, neither the state court complaint nor

---

[9] Defendants' briefing makes clear that they seek reimbursement of funds contributed to the plan *after* Mr. Anderson's alleged misconduct in late 2006 and 2007. (See Doc. 29 at 9:24-9:27 ("if [the law firm] had known about the improper attorney activities [] Anderson would have been terminated forthwith as an attorney employee of SN and would have not made contributions made to the profit sharing plan for his benefit after his termination due to misconduct.")). Mr. Anderson, however, has accrued ERISA plan benefits since 1974, when he was hired by the Neibauer Law Firm. The state court lawsuit, which does not cite ERISA and is limited to alleged misconduct in 2006 and 2007, does not control the ERISA-based action filed in federal court. However, if Defendants now contend that they can sustain a "mistake of fact" claim under ERISA and obtain an "offset" based on unlawful misconduct, they may file a motion to amend under Rule 15(a) of the Federal Rules of Civil Procedure. In the alternative, as Defendants discussed in their correspondence with Mr. Anderson in 2007, they can file an interpleader action under Federal Rule 22. (See Doc. 23, Exh. E at pg. 21 ("If the dispute is not resolved, at the very least I would likely consider depositing the funds with the court in an interpleader action to allow you and the firm to litigate the various claims prior to any distribution by the court [....]")).

13

cross-complaint mention or otherwise implicate ERISA.  Rather, the state action is confined to Anderson's alleged misconduct while a partner at the Niebauer law firm.  Under these circumstances, a Colorado River stay is not appropriate.[10]

Two additional concerns militate in favor of a conclusion that this action should be heard in federal court.  One, the state court case is not set for trial until March 2011 and, possibly, could be "trailing" several other cases also set for trial on that date.[11] In contrast, the federal case filed by Mr. Anderson is set for trial in this court on January 11, 2011.  The Ninth Circuit has emphasized that "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court."  *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).  Defendants have not met this standard. Two, Plaintiff's action implicates important federal questions

---

[10] Defendants respond that the state law complaint controls preemption analysis because both lawsuits are based on the same set of facts:  Mr. Anderson's wrongdoing while a firm partner. According to Defendants, the issues are "one and the same." Specifically, Defendants contend that Mr. Anderson's "nefarious" and "unlawful" conduct with respect to firm assets is the foundation for their state law complaint. Although there *could* be minor factual and legal overlap, the mere presence or potential for overlap does not control the analysis.  Rather, Defendants must demonstrate that the state court proceeding is "substantially similar" to Plaintiff's federal case, which they have not done.

[11] On October 25, 2010, the Court issued the following Minute Order": "The parties are requested to contact Chambers as soon as possible by email [...] re: the status of the pending jury trial in Stanislaus Superior Court.  Specifically, please provide information re: whether the trial will begin this week or be trailed."  (Doc. 85.)  The parties responded, via email, that the case was continued until March 15, 2011.

**14**

under ERISA, including whether ERISA permits a plan administrator to withhold retirement funds on the basis of alleged misconduct by a plan enrollee and what circumstances *generally* constitute such a withholding.

Defendants have not shown that their state court proceeding is "substantially similar" to Plaintiff's federal case nor that "extraordinary circumstances" are present. Dismissal or a stay under Colorado River is not warranted. Moreover, there is no definite timeline for the state court trial and Plaintiffs' federal complaint raises important issues under ERISA. Defendants' motion is DENIED.

## V. CONCLUSION.

For the reasons stated:

1. Defendants' motion to dismiss or, in the alternative, to stay the proceedings is DENIED.

IT IS SO ORDERED.

Dated:   November 5, 2010                     /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE