UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS L. ANDERSON,<br><br>          Plaintiff,<br><br>v.<br><br>STRAUSS NEIBAUER & ANDERSON APC PROFIT SHARING 401(K) PLAN; DOUGLAS L. NEIBAUER; STRAUSS NEIBAUER, A PROFESSIONAL CORPORATION; TOTAL BENEFIT SERVICES, INC.,<br><br>          Defendants. | 1:09-cv-01446 OWW DLB<br>(related case: 1:10-cv-02195)<br><br>MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT IN CASE NO. 1:10-CV-02195.<br><br>(DOC. 112) |
| STRAUSS NEIBAUER,<br><br>          Plaintiff,<br><br>v.<br><br>THOMAS L. ANDERSON and LYNN ANDERSON,<br><br>          Defendants. | 1:10-cv-02195 OWW DLB |

**I. INTRODUCTION**

    Thomas L. Anderson and Lynn Anderson (together, "Andersons") move to dismiss Strauss Neibauer's first amended complaint ("FAC") filed in action 1:10-cv-02195, a related lawsuit which was consolidated with action 1:09-cv-01446. Doc. 112. Straus Neibauer filed an opposition. Doc. 115.

**II. BACKGROUND**

    On March 6, 2008, Strauss Neibauer filed a complaint against Mr. Anderson in the Superior Court of California, County of

1

Stanislaus. Doc. 32 Ex. 1. The complaint asserted twelve causes of action, including declaratory relief, breach of fiduciary duty, rescission of bonuses, rescission of contributions made to the Strauss Neibauer & Anderson APD Profit Sharing 401(k) Plan (the "Plan") on Mr. Anderson's behalf, conversion, and fraud. Mr. Anderson filed a cross-complaint for damages in state court against Strauss Neibauer and Douglas Neibauer on April 9, 2008. Doc. 32 Ex. 3.

On August 17, 2009, Mr. Anderson filed a federal suit against the Plan, Mr. Neibauer, Strauss Neibauer, and Total Benefit Services, Inc. ("TBS") asserting claims under the Employee Retirement Income Security Act ("ERISA") for declaratory relief, benefits, breach of fiduciary duty, attorneys' fees, and equitable relief. Doc. 1. The Defendants filed answers. Doc. 8 and 10. TBS was dismissed without prejudice on June 9, 2010. Doc. 18.

On September 8, 2010, Defendants in the federal case filed a motion to dismiss, or, in the alternative, stay the federal case until the conclusion of the pending state court case. Doc. 35. Mr. Anderson filed an opposition (Doc. 73), and Defendants filed a reply (Doc. 79). On November 5, 2010, Defendants' motion to dismiss or, in the alternative, stay the federal case was denied. Doc. 87.

On August 6, 2010, Mr. Anderson filed a motion for summary

judgment of the federal case. Doc. 21. Defendants filed an

opposition (Doc.29), to which Mr. Anderson replied (Doc. 74).

Summary judgment was granted as to Mr. Anderson's entitlement to

employee contributions to the Plan and denied as to Strauss

Neibauer's contributions to the Plan, breach of fiduciary duty,

and attorneys' fees. Doc. 100. These claims will be decided at

trial, which is scheduled to commence January 11, 2010.

On November 24, 2010, Strauss Neibauer filed a separate

federal suit against the Andersons asserting claims for

declaratory relief, rescission of contributions made to Mr.

Anderson's Plan account, rescission of bonuses, and removal as

trustee. Doc. 8. Strauss Neibauer's federal case was consolidated

with Mr. Anderson's federal case on December 6, 2010. Doc. 11.

On December 16, 2010, the Andersons filed this motion to

dismiss the FAC. Doc. 112. Strauss Neibauer filed an opposition

Doc. 115.

### III. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a "complaint

must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). A

complaint does not need detailed factual allegations, but the

"[f]actual allegations must be enough to raise a right to relief

3

1  above the speculative level." *Bell Atl. Corp. v. Twombly*, 550

2  U.S. 544, 555, 127 S.Ct. 1955 (2007).

3      In deciding a motion to dismiss, the court should assume the

4  veracity of "well-pleaded factual allegations," but is "not bound

5  to accept as true a legal conclusion couched as a factual

6  allegation." *Iqbal*, 127 S.Ct. at 1950. "Labels and conclusions"

7  or "a formulaic recitation of the elements of a cause of action

8  will not do." *Twombly*, 550 U.S. at 555. "'Naked assertion[s]'

9  devoid of 'further factual enhancement'" are also insufficient.

10  *Iqbal*, 127 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

11  Instead, the complaint must contain enough facts to state a claim

12  to relief that is "plausible on its face." *Twombly*, 550 U.S. at

13  570.

14      A claim has facial plausibility when the complaint's factual

15  content allows the court to draw the reasonable inference that

16  the defendant is liable for the alleged misconduct. *Iqbal*, 127

17  S.Ct. at 1949. "The plausibility standard is not akin to a

18  'probability requirement,' but it asks for more than a sheer

19  possibility that a defendant has acted unlawfully." *Id*. (quoting

20  *Twombly*, 550 U.S. at 556). "A well-pleaded complaint may proceed

21  even if it strikes a savvy judge that actual proof of those facts

22  is improbable, and 'that a recovery is very remote and

23  unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes,*

24  416 U.S. 232, 236, 94 S.Ct. 1683 (1974).

4

1       The Ninth Circuit summarizes the governing standard as

2   follows: "In sum, for a complaint to survive a motion to dismiss,

3   the non-conclusory factual content and reasonable inferences from

4   that content, must be plausibly suggestive of a claim entitling

5   the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d

6   962, 969 (9th Cir. 2009)(quotations omitted).

7

8       If a district court considers evidence outside the

9   pleadings, a Rule 12(b)(6) motion to dismiss must be converted to

10  a Rule 56 motion for summary judgment, and the nonmoving party

11  must be given an opportunity to respond. *U.S. v. Ritchie*, 342

12  F.3d 903, 907 (9th Cir.2003). "A court may, however, consider

13  certain materials-documents attached to the complaint, documents

14  incorporated by reference in the complaint, or matters of

15  judicial notice-without converting the motion to dismiss into a

16  motion for summary judgment." *Id*. at 908.

17

18  **IV. DISCUSSION**

19  **A. <u>First Claim for Declaratory Relief</u>**

20      Strauss Neibauer's first claim seeks a declaration that (1)

21  the Andersons owe Strauss Neibauer, as assignee to the Plan, Mr.

22  Anderson's unpaid loan balance and reasonable attorneys' fees

23  incurred in collecting the loan balance, and (2) the Plan may

24  deduct the unpaid loan balance from any Plan distributions made

25  to Mr. Anderson.

26

27

28

5

1

### 1. Constitutional Standing

2

   The Andersons contend that the first claim for relief does

3

not sufficiently allege a case or controversy. Article III of the

4

Constitution limits federal court jurisdiction to "cases" and

5

"controversies." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388,

6

395, 100 S.Ct. 1202 (1980). To establish a "case" or

7

"controversy", a plaintiff must show: (1) injury in fact, i.e.,

8

an injury that is "concrete and particularized" and "actual or

9

imminent, not conjectural or hypothetical"; (2) causation, i.e.,

10

the injury is fairly traceable to the challenged action; and (3)

11

likelihood that the injury will be redressed by a favorable

12

decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561,

13

112 S.Ct. 2130 (1992).

14

   The first claim does not sufficiently allege an actual case

15

or controversy. The FAC alleges that Mr. Anderson's Plan loan has

16

not been timely repaid and that the entire balance is now due and

17

owing. The regulations pertaining to 401(k) plan loans provide

18

that if "payments are not made in accordance with the terms

19

applicable to the loan, a deemed distribution occurs as a result

20

of the failure to make such payments." 26 CFR § 1.72(p)-1, A-4.

21

Within the bankruptcy context, the Ninth Circuit has explained

22

that a retirement plan participant's loan from his retirement

23

account "is essentially a debt to himself-he has borrowed his own

24

money. [He] contributed the money to the account in the first

25

26

27

28

6

place; *should he fail to repay himself, the administrator has no personal recourse against him*. Instead, the plan will deem the outstanding loan balance to be a distribution of funds, thereby reducing the amount available to [him] from his account in the future." *In re Egebjerg,* 574 F.3d 1045, 1049 (9th Cir. 2009)(emphasis added). Mr. Anderson admits that he took a loan from his Plan account and concedes that his Plan distribution must be net of the loan principal. There is no injury that declaratory relief would redress. The loan provides the remedy of offset. There is no "case" or "controversy". Strauss Neibauer's first claim lacks Constitutional standing and is DISMISSED WITH PREJUDICE.

     2. <u>ERISA</u>

    The Andersons further argue that the first claim fails to state a claim upon which relief can be granted because Strauss Neibauer does not have standing to bring the first claim for relief under ERISA.

    ERISA § 502(a)(3) provides that a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). ERISA carefully enumerates the

parties entitled to seek relief under § 502; it does not provide anyone other than participants, beneficiaries or fiduciaries with an express cause of action for a declaratory judgment. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27, 103 S.Ct. 2841 (1983).

The FAC states that Strauss Neibauer is bringing the first claim for relief as the assignee of the Plan. In its opposition, Strauss Neibauer clarifies that the assignment is "for 'collection' purposes only," which it contends is permissible under ERISA. Doc. 115, 2. The Ninth Circuit has held that an ERISA plan does not have standing to sue under ERISA § 502(a) because it is not a plan participant, beneficiary, or fiduciary. *Local 159, 342, 343 & 444 v. Nor-Cal Plumbing, Inc.*, 185 F.3d 978, 983 (9th Cir. 1999). The Plan's purported assignment to Strauss Neibauer does not confer ERISA standing on Strauss Neibauer. In addition, ERISA § 206(d) prohibits assignment of pension benefits and Strauss Neibauer has not presented any authority supporting standing of an assignee from an ERISA pension plan. *See* 29 U.S.C. § 1056(d); *Misic v. Bldg. Serv. Emp. Health & Welfare Trust*, 789 F.2d 1374, 1376 (9th Cir. 1986)(holding that "[a]lthough section 206(d) of ERISA, 29 U.S.C. § 1056(d), prohibits assignment of pension benefits", the statute does not prohibit assignment of  health and welfare benefits). The FAC does not allege any other basis for Strauss Neibauer's

claim. Even if lack of ERISA standing could be corrected by permitting Strauss Neibauer to amend the FAC, the first claim does not state a case or controversy. ERISA standing would not save it from dismissal.

The Andersons' motion to dismiss Strauss Neibauer's first claim for relief is GRANTED WITH PREJUDICE.

B. <u>Second Claim for Declaratory Relief</u>

Strauss Neibauer's second claim seeks a declaration of the nature and amount of Mrs. Anderson's community property interest in Mr. Anderson's Plan account prior to distribution.

1. <u>Constitutional Standing</u>

Article III of the Constitution limits federal court jurisdiction to "cases" and "controversies." *Geraghty*, 445 U.S. at 395. The Andersons contend that there is no dispute regarding Mrs. Anderson's status as a beneficiary under the Plan. The Andersons stipulate that: (1) Mrs. Anderson is Mr. Anderson's spouse; (2) Mrs. Anderson is Mr. Anderson's Plan beneficiary; and (3) Mr. Anderson has not executed any waiver changing Mrs. Anderson's status as Mr. Anderson's Plan beneficiary.

The second claim does not allege an actual case or controversy. The FAC alleges that "Defendant Thomas L. Anderson . . . advised . . . Douglas Neibauer, that he did not wish his spouse, defendant Lynn Anderson, to have her full community property interest in his participant share with the assignor

profit sharing plan . . . As of the date of the filing of this complaint, neither the plaintiff nor the profit sharing plan has received any written instructions from either defendant Anderson relating to this issue." Doc. 8 ¶ 20. The FAC also states that "[u]pon information and belief, it is alleged that defendant Thomas L. Anderson unlawfully removed numerous profit sharing documents when he left the plaintiff law corporation on June 15, 2010 and has refused to return them. One of the documents removed is believed to have been the designation of beneficiary form executed by the Andersons relating to the participant share of defendant Thomas L. Anderson." Doc. 8 ¶ 22.

ERISA § 205(c), 29 U.S.C. § 1055(c), protects the interests of spouses in ERISA pension plans. Waiver of spousal benefits is not effective unless:

> (i) the spouse of the participant consents in writing to such election, (ii) such election designates a beneficiary (or a form of benefits) which may not be changed without spousal consent (or the consent of the spouse expressly permits designations by the participant without any requirement of further consent by the spouse), and (iii) the spouse's consent acknowledges the effect of such election and is witnessed by a plan representative or a notary public.

29. U.S.C. § 1055(c)(2)(A); *See Boggs v. Boggs*, 520 U.S. 833, 842, 117 S.Ct. 1754 (1997)(citing ERISA § 205(c)(2)).

Pursuant to ERISA § 205(c)(2)(A), Mr. Anderson cannot waive Mrs. Anderson's interest in his Plan benefits without her written consent, witnessed by a Plan representative or a notary public.

Any alleged oral statements that Mr. Anderson may have made, or any alleged missing beneficiary forms executed without Mrs. Anderson's written consent, cannot alter her spousal rights under ERISA. The FAC does not allege any injury and therefore no case or controversy. The Second Claim must be DISMISSED WITH PREJUDICE.

### 2. ERISA

For the reasons discussed in the first claim for relief, the second claim for relief does not sufficiently allege a basis for relief under ERISA. Even if lack of ERISA standing could be corrected by permitting Strauss Neibauer to amend the FAC, because the second claim does not allege a case or controversy, ERISA standing would not save it from dismissal.

The Andersons' motion to dismiss Strauss Neibauer's second claim for relief is GRANTED WITH PREJUDICE.

### C. Third Claim for Rescission of Contributions to Plan

Strauss Neibauer's third claim is for rescission of contributions under ERISA and California Civil Code Section 1689(b)(1).

ERISA § 403(c) provides in pertinent part:

(1) Except as provided in paragraph (2) ... the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan.

(2)(A) In the case of a contribution . . .

11

(i) made by an employer to a plan (other than a multiemployer plan) by a mistake of fact, paragraph (1) shall not prohibit the return of such contribution to the employer within one year after the payment of the contribution.

29 U.S.C. § 1103(c). The Ninth Circuit has concluded that an employer has an implied right of action under ERISA § 403 to recover mistaken contributions. *British Motor Car Distribs., Ltd. v. San Francisco Auto. Indus. Welfare Fund*, 882 F.2d 371, 374 (9th Cir. 1989); *Award Serv., Inc. v. N. Cal. Retail Clerks Unions & Food Emp'rs,* 763 F.2d 1066, 1068 (9th Cir. 1985). To establish a claim under ERISA § 403(c)(2)(A)(i), an employer must show that: (1) it made mistaken contributions within the meaning of ERISA § 403(c)(2)(A)(i), and (2) the equities favor refund of the contributions. *Id.* at 374-375. A principal equitable consideration is whether restitution would undermine the financial stability of the plan. *Award Serv.,* 763 F.2d at 1069.

The FAC alleges that Strauss Neibauer made contributions to the Plan on Mr. Anderson's behalf from 2004 to 2006. The FAC also alleges that while these contributions were being made, Mr. Anderson was committing and concealing fraud. Strauss Neibeauer alleges that it did not discover the fraud until 2007, but would have terminated Mr. Anderson and not made any contributions to the Plan on his behalf during 2004 to 2006.

1. Permissibility of Suing a Plan Participant

The Andersons correctly contend that there is no authority

that allows an employer to bring an action directly against a plan participant for mistaken contributions. Suits for return of mistaken contributions to pension plans are generally brought against plan fiduciaries or plans. *See e.g., Award Serv.*, 763 F.2d 1066 (action against multiemployer pension fund)*; British Motor Car Distribs., Ltd.*, 882 F.2d 371 (action against ERISA trust fund). There is nothing in ERISA that permits employers to sue pension plan participants directly for return of contributions. Strauss Neibauer does not cite any case permitting a direct action against a plan participant for mistaken contributions. Allowing direct suits against participants for the return of mistaken contributions would contravene Congress's stated purpose in enacting ERISA, i.e., to protect the interests of participants and beneficiaries in benefit plans. 29 U.S.C. § 1001. Strauss Neibauer has not sued a proper defendant.

2. <u>Statute of Limitations</u>

The Andersons further contend that Strauss Neibauer's fourth claim for relief is time barred. Strauss Neibauer filed its state law complaint on March 6, 2008, over a year after the last employer contribution to Mr. Anderson's Plan account in 2006.

ERISA § 403(c)(2)(A)(i) permits the return of employer contributions due to a mistake of fact "within one year after the payment of the contribution." 29 U.S.C. § 1103(c)(2)(A)(i). In contrast, employer contributions to multiemployer plans may be

13

returned within six months after the plan administrator determines that the contribution was made by a mistake of fact or law. 29 U.S.C. § 1103(c)(2)(A)(ii). Congress relaxed the statute of limitations for multi-employer plans in 1980, eliminating the former one-year refund limitation period that still applies to single employer plans. Multiemployer Pension Plan Amendments Act of 1980, PL 96-364, 1980 HR 3904, 96th Cong.(1980). Congress has not relaxed the statute of limitations for the return of employer contributions to single employer plans. *See* 29 U.S.C. § 1103(c)(2)(A)(i). If Congress explicitly puts a limit upon the time for enforcing a right which it created, the Congressional statute of limitations is definitive. *Holmberg v. Armbrecht*, 327 U.S. 392, 395, 66 S.Ct. 582 (1946).

Strauss Neibauer suggests that the applicable limitations period should be the California statute of limitations for fraud and mistake and rescission based upon fraud or mistake, i.e., three years from the date of discovery of the pertinent facts of fraud. ERISA preempts any state law claim for the restitution of contributions made to an ERISA plan after ERISA's effective date. *Chase v. Trustees of W. Conference of Teamsters Pension Trust Fund*, 753 F.2d 744, 746 (9th Cir. 1985). California's statute of limitations for fraud does not apply to the third claim.

The federal doctrine of equitable tolling may apply to extend the statute of limitations: "[W]here a plaintiff has been

14

1    injured by fraud and 'remains in ignorance of it without any

2    fault or want of diligence or care on his part, the bar of the

3    statute does not begin to run until the fraud is discovered,

4    though there be no special circumstances or efforts on the part

5    of the party committing the fraud to conceal it from the

6    knowledge of the other party.' This equitable doctrine is read

7    into every federal statute of limitation." *Holmberg*, 327 U.S. at

8    395 (quoting *Bailey v. Glover*, 88 U.S. 342, 348, 1874 WL 17315

9    (1874). "To establish that equitable tolling applies, a plaintiff

10   must prove the following elements: "fraudulent conduct by the

11   defendant resulting in concealment of the operative facts,

12   failure of the plaintiff to discover the operative facts that are

13   the basis of its cause of action within the limitations period,

14   and due diligence by the plaintiff until discovery of those

15   facts." *Fed. Election Comm'n v. Williams*, 104 F.3d 237, 240-41

16   (9th Cir.1996).

17        It has not been determined whether the statute of

18   limitations may be equitably tolled for claims under ERISA §

19   403(c)(2)(A)(i) in general and the third claim for relief

20   specifically. However, the FAC does sufficiently allege the

21   required elements for equitable tolling. The FAC details Mr.

22   Anderson's alleged fraudulent conduct and that Mr. Neibauer did

23   not discover the fraud until various dates in 2007. The FAC

24   alleges that Mr. Neibauer was hospitalized and recovering from a

15

brain tumor in 2006 and that Strauss Neibauer filed suit seeking rescission of the Plan contributions on March 6, 2008. These equitable tolling allegations are sufficient to survive a motion to dismiss for failure to adhere to the statute of limitations. However, because the third claim has not been brought against the proper party, it must be dismissed.

The Andersons' motion to dismiss Strauss Neibauer's third claim for relief is GRANTED.

D. <u>Fourth Claim for Rescission of Bonuses</u>

Strauss Neibauer's fourth claim is for rescission of bonuses under Cal. Civ. Code § 1689(b)(1). Strauss Neibauer seeks the return of bonuses paid to Mr. Anderson from August 17, 2004 to June 15, 2007 due to Mr. Anderson's alleged fraudulent acts.

1. <u>Subject Matter Jurisdiction</u>

The Andersons argue that the court lacks subject matter jurisdiction over the fourth claim. Strauss Neibauer brings the fourth claim solely under state law, so there is no federal question jurisdiction. *See* 28 U.S.C. § 1331. All parties are California citizens, so there is no diversity jurisdiction. *See* 28 U.S.C. § 1332. The only basis for federal jurisdiction is supplemental jurisdiction. *See* 28 U.S.C. § 1367.

A federal district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form

part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Supplemental jurisdiction is constitutional only if the federal and state claims (1) form one constitutional "case" and (2) "derive from a common nucleus of operative facts." *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1173 (9th Cir. 2002) (quoting *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130 (1966)). "But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole." *Gibbs*, 383 U.S. at 725.

The Andersons argue that the facts relevant to the "mistake" issue under ERISA are very narrow and limited, and are not related to the facts relevant to the fourth claim for relief. Strauss Neibauer's justification for requesting the return of employer contributions, in both the third claim and in Mr. Anderson's related ERISA action, arise from the same alleged fraudulent acts. Although the fourth claim may involve facts irrelevant to the ERISA claim for rescission of employer contributions, the third and fourth claims still derive from a common nucleus of operative facts. The court can exercise supplemental jurisdiction over the fourth claim.

17

2. <u>Dismissal under *Colorado River*</u>

The Andersons contend that the court should abstain from adjudicating the fourth claim under *Colorado River Conservation District v. U.S.*, 424 U.S. 800, 96 S.Ct. 1236 (1976). Pendency of an action in state court is generally not a bar to proceedings concerning the same matter in a federal court having jurisdiction. *Colorado River*, 424 U.S. at 817. Under the *Colorado River* doctrine, however, circumstances may permit the "dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration." *Id.* "Exact parallelism" between the federal and state suits are not required; "[i]t is enough if the two proceedings are 'substantially similar.'" *Nakash v. Marciano*, 882 F.2d 1141 (9th Cir. 1989) (citation omitted). "The *Colorado River* doctrine is a narrow exception to the 'the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.'" *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002) (quoting *Colorado River*, 424 U.S. at 817). To fit into the narrow exception, "exceptional circumstances" must be present. *Holder*, 305 F.3d at 867 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927 (1983)).

Dismissal under *Colorado River* is precluded if there is any "substantial doubt as to whether the state proceedings will resolve the federal action. . .[T]he decision to involve *Colorado*

18

*River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses." *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993), (quoting *Moses H. Cone,* 460 U.S. at 28). Here, the fourth claim for relief is substantially similar-almost parallel-to claims included in the fourth cause of action in the state case. The state court proceedings would resolve the fourth claim for relief; however, all the ERISA claims over the dispute over Mr. Anderson's conduct remain.

In determining whether to stay or dismiss a case under *Colorado River*, the following non-exclusive factors may also be considered:

> (1)  whether the state court first assumed jurisdiction over property;
> (2)  inconvenience of the federal forum;
> (3)  the desirability of avoiding piecemeal litigation;
> (4)  the order in which jurisdiction was obtained by the concurrent forums;
> (5)  whether federal law or state law provides the rule of decision on the merits;
> (6)  whether the state court proceedings are inadequate to protect the federal litigant's rights;
> (7)  whether exercising jurisdiction would promote forum shopping.

*Holder*, 305 F.3d at 870. The factors relevant to a case are subject to a flexible balancing test, "in which one factor may be accorded substantially more weight than another depending on the circumstances of the case, and "with the balance heavily weighted in favor of the exercise of jurisdiction." *Id.* at 870-871

19

**1**     (quoting *Moses H. Cone*, 460 U.S. at 16).

**2**         On balance, the additional *Colorado River* factors weigh in

**3**     favor of dismissing the fourth complaint. The first and second

**4**
**5**     factors are not relevant here. The desirability of avoiding

**6**     piecemeal litigation weighs in favor of dismissal: the state case

**7**     asserts twelve causes of action relating to Mr. Anderson's

**8**     alleged fraudulent acts, but only one of those state law claims

**9**     has been asserted in federal court. The order in which

**10**    jurisdiction was obtained by the concurrent forums weighs in

**11**    favor of dismissal: the state court complaint was filed March 6,

**12**    2008, while the FAC was filed November 30, 2010. Whether federal

**13**
**14**    law or state law provides the rule of decision on the merits

**15**    weighs in favor of dismissal: state law provides the rule of

**16**    decision on the merits on this fourth claim, while ERISA, a

**17**    federal law, controls Mr. Anderson's suit and any claim for

**18**    return of employer contributions to the Plan. Whether the state

**19**    court proceedings are inadequate to protect the federal

**20**    litigant's rights weighs in favor of dismissal: there is no

**21**    reason to believe that the state court proceedings are inadequate

**22**    to protect Strauss Neibauer's rights and the state trial is

**23**    scheduled for March 2011. Whether exercising jurisdiction would

**24**    promote forum shopping weighs in favor of dismissal: accepting

**25**    supplemental jurisdiction would encourage forum shopping between

**26**
**27**    state and federal courts. Considering that there is no

**28**

substantial doubt that the state court proceedings would resolve the fourth claim for relief and balancing all the *Colorado River* factors, the fourth claim is dismissed.

The Andersons' motion to dismiss Strauss Neibauer's fourth claim for relief is GRANTED.

E. <u>Fifth Claim for Removal as Trustee</u>

Strauss Neibauer's fifth claim is for removal of Mr. Anderson as trustee of the Plan under ERISA. Strauss Neibauer seeks (1) a declaration that Mr. Anderson is not a Plan trustee and is disqualified from being a Plan fiduciary, (2) reasonable attorneys' fees, and (3) sanctions against Mr. Anderson under Fed. R. Civ. P. 11.

Article III of the Constitution provides that courts may adjudicate only actual cases or controversies. *N. County Comm. Corp.*, 594 F.3d at 1154. To establish a "case" or "controversy", a plaintiff must show: (1) injury in fact, i.e., an injury that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical"; (2) causation, i.e., the injury is fairly traceable to the challenged action; and (3) likelihood that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-561. If a "live" controversy no longer exists, the claim is moot. *Am. Civil Liberties Union of Nev.*, 471 F.3d at 1016.

The fifth claim does not sufficiently allege an actual case

1
2
3

or controversy. Strauss Neibauer's Exhibit 1 to the FAC is a

March 15, 2010 letter where Mr. Anderson admits that he is no

longer a Plan trustee:

4
5
6
7

> This is to confirm again that Thomas Anderson does not
> contend, in this case or in *Anderson v. Neibauer*, case no.
> 09-cv-01446, that he remains a trustee to the Strauss
> Neibauer & Anderson APC Profit Sharing 401(k) Plan. He
> agrees that he is no longer a trustee of the Plan, and his
> signature below evidences this.

8
9
10
11
12
13
14
15
16
17
18
19

Doc. 42-1. The only indicia of a controversy is Exhibit 2 to the

FAC, the Plan's August 2010 monthly statement from Morgan Stanley

which lists Mr. Anderson as a co-trustee to the Plan. In its

opposition, however, Strauss Neibauer asks the court to make a

determination that it "properly removed Anderson as a trustee of

the PLAN and it had 'just cause' to do so." Doc. 115, 10. The

opposition admits that Mr. Anderson has already been removed as

Plan trustee. Declaratory relief would not redress any alleged

injury. There is no indication Mr. Anderson disputes his removal

or the cause for the removal.

20
21

The fifth claim for relief does not allege any case or

controversy and is DISMISSED WITH PREJUDICE.

22

<u>V. CONCLUSION</u>

23

For the reasons stated:

24

1. The Andersons' motion to dismiss is GRANTED, as follows.

25
26

a. Strauss Neibauer's first claim for relief is DISMISSED

WITH PREJUDICE.

27
28

b. Strauss Neibauer's second claim for relief is DISMISSED

WITH PREJUDICE.

     c. Strauss Neibauer's third claim for relief is DISMISSED

       WITHOUT PREJUDICE.

     d. Strauss Neibauer's fourth claim for relief is DISMISSED

       WITHOUT PREJUDICE.

     e. Strauss Neibauer's fifth claim for relief is DISMISSED

       WITH PREJUDICE.

2. The Andersons shall submit a proposed form of order

   consistent with this memorandum decision within five (5)

   days of electronic service of this memorandum decision.

SO ORDERED.
DATED:   January 18, 2011

                             /s/ Oliver W. Wanger
                              Oliver W. Wanger
                    United States District Judge